IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-CR-107-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLIAM JAMES MESCALL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on various oral motions made by defense counsel during proceedings on January 28, 2022. The undersigned ruled orally on the motions at that time. This Order follows and memorializes those rulings in more detail for the record.

## I. Relevant Background

On August 19, 2020, Defendant pled guilty to one count of possessing with the intent to manufacture marijuana and aiding and abetting the same.

In a subsequent judgment filed on February 16, 2021, Defendant was sentenced to time served as well as five years of supervised release. Doc. 67.

On January 13, 2022, a petition was filed alleging that Defendant had violated the terms and conditions of his supervised release ("Petition"). Doc. 70.

On January 19, 2022, Defendant made an initial appearance on the Petition. Assistant United States Attorney John Pritchard appeared for the

1

Government and Assistant Federal Public Defender Fredilyn Sison appeared with Defendant. Defendant indicated that he planned to retain private counsel if possible and the Government initially moved for detention. However, due to Defendant's medical conditions, a facility that could house Defendant had not been located. In order to allow Defendant a chance to locate private counsel and also provide the Government and the United States Marshals Service with an opportunity to consider issues related to Defendant's possible detention, the undersigned granted an oral motion by Ms. Sison, without objection by the Government, to hold Defendant's initial appearance on the Petition open. Relatedly, the Government temporarily withdrew its motion for detention. The matter was continued until January 28, 2022 and Defendant was allowed to remain out of custody pending the completion of his initial appearance and subject to the conditions of supervised release that had previously been imposed by the District Court.

On January 21, 2022, an Amended Petition was filed alleging that Defendant had committed additional violations of the conditions of his supervised release after his initial appearance on the Petition had been continued. Doc. 73.

On January 28, 2022, Defendant once again appeared before the undersigned. Assistant United States Attorney Alexis Solheim appeared for the Government and Ms. Sison appeared with Defendant. Defendant was

advised of his rights and of the charges appearing in the Petition and the Amended Petition. He made a request for the appointment of counsel and that request was granted. The Government then moved for detention and requested a continuance of the detention hearing. At that point, Ms. Sison made a number of oral motions, which are addressed below.

II. Discussion

### A. Oral Motion for Competency Hearing and Evaluation

Ms. Sison moved orally that a competency hearing be scheduled for Defendant and that a prehearing evaluation be conducted. The undersigned indicated that motion would be allowed and directed counsel to file a written motion as well for the record. Later on January 28, defense counsel filed a Motion for a Competency Evaluation. Doc. 74.

Those motions are addressed by separate Order.

### B. Oral Motion for Evaluation regarding Insanity

Ms. Sison indicated that Defendant wished to raise the defense that he was insane at the time of the alleged conduct underlying the Petition and the Amended Petition. Defense counsel then moved orally that Defendant also be evaluated for that purpose.

The Government indicated that it was unsure as to the interplay between Rule 12.2 and 18 U.S.C. §4242 in the context of a case involving alleged violations of supervised release conditions.

3

The undersigned noted that Section 4242(a) states that, upon the filing of a notice pursuant to Rule 12.2 that a defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the government, is required to order a psychiatric or psychological examination of the defendant. In this case, however, no written notice had been filed by Defendant and no such motion had been made by the Government.

Under these circumstances and having been presented with no specific authorities on this point, the undersigned denied the oral motion without prejudice.

### C. Oral Motion to Continue

Finally, Ms. Sison moved that the hearing on the Government's motion for detention and the preliminary hearing to which Defendant is entitled be continued. The Court indicated it would be uncomfortable proceeding with those matters in light of the pending competency related issues and, without objection by the Government, granted the motion.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's oral motion requesting that Defendant be evaluated to determine his sanity at the time of the alleged offenses is **DENIED WITHOUT PREJUDICE**. Either party may make additional filings on this issue as they deem appropriate and, as

4

they consider their positions in that regard, are encouraged to review United States v. Wilson (1:13cr57).

2. Defendant's oral motion to continue is **GRANTED** and the preliminary revocation hearing and the hearing on the Government's motion for detention are **CONTINUED** and **HELD IN ABEYANCE** pending a determination of Defendant's competency.

Signed: January 31, 2022

W. Carleton Metcalf
United States Magistrate Judge